IN RE KRC

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-404-CV

IN THE INTEREST OF K.R.C.,

C.D.C., C.C., L.L.C., 

AND M.A.C., CHILDREN 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Michael H.-C. and Lucy H. appeal the trial court’s order terminating their parental rights to five of their children.  In two issues, appellants complain that the trial court abused its discretion by admitting certain testimony regarding Michael’s alleged sexual abuse of one of the children, C.D.C.  We affirm.

In their first issue, appellants complain that the trial court erred by admitting the testimony of a court-appointed special advocate (CASA worker) regarding an outcry about the abuse that K.R.C. and C.D.C. made to the CASA worker at a park, because the children were not shown to be competent witnesses under evidentiary rule 601.
(footnote: 2)  In their second issue, appellants complain that the testimony of the children’s foster mother regarding a conversation she had with K.R.C. and C.D.C. concerning the abuse is inadmissible under family code section 104.006,
(footnote: 3) because the statements K.R.C. made were not about sexual abuse of himself, but referred to alleged sexual abuse of C.D.C.  The Texas Department of Family and Protective Services argues that appellants have waived both complaints by failing to raise them in their statement of points on which they intended to appeal.
(footnote: 4)
 We do not reach the Department’s argument because, even assuming that appellants preserved their complaints and can show that the trial court abused its discretion by admitting the evidence, any error is harmless.  A judgment may not be reversed on appeal based on trial court error unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from presenting his case to the court of appeals.
(footnote: 5)  Here, the record is replete with other, unobjected-to evidence that C.D.C. made outcries of sexual abuse against Michael.  For example, both Lucy (C.D.C.’s mother) and C.D.C.’s adult sister testified that C.D.C. had talked about being sexually abused by Michael.  In addition, Teresa Haney, a Child Protective Services investigator, testified that C.D.C.’s sister had reported seeing Michael molest C.D.C. and that C.D.C. had on more than one occasion reported being sexually abused by her brother,
(footnote: 6) her uncle, and Michael.  Haney further testified that K.R.C. and C.C. both told her that Lucy had told K.R.C. that Michael had sexually abused C.D.C. 

Accordingly, because evidence that is the same as or similar to that about which appellants complain was introduced elsewhere during trial without objection, we overrule appellants’ issues and affirm the trial court’s termination order.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  July 6, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. Evid.
 601(a)(2) (providing that children are incompetent to testify if, after being examined by the court, they “appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated”).

3:
See
 
Tex. Fam. Code Ann.
 § 104.006 (Vernon 2002) (providing for admission, in a suit affecting a parent-child relationship, of a hearsay statement made by a child under 12 that describes alleged abuse “against the child”).

4:
See
 
id.
 § 263.405(i) (Vernon Supp. 2005) (providing that “[t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal”).  In this case, appellants’ statement of points makes only the following general complaint:

During trial, the trial court erroneously admitted hearsay statements on numerous occasions.  To the extent those complaints were otherwise properly preserved, [appellants] reserve the right to complain about those rulings on appeal. 

5:
Tex. R. App. P.
 44.1(a). 

6:
The brother who allegedly molested C.D.C. was not one of the children involved in the termination proceeding.